IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL K. BARRETT, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-08-101-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Michael K. Barrett (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further consideration.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 13, 1964 was 42 years old at the time of the ALJ's decision. Claimant has a high school education, as well as a BS in Business Administration and Accounting. Claimant previously worked as a construction worker and contractor. Claimant alleges an inability to work beginning June 21, 2003 due to back problems, bilateral carpal tunnel syndrome, major depression, and anxiety.

3

**Procedural History**

On December 9, 2002, Claimant filed an application for supplemental security income under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The application was denied initially and upon reconsideration on June 20, 2003. Claimant did not pursue that application further. Instead, he filed a second application for SSI on February 15, 2005 alleging a disability beginning December 1, 2000. Claimant's application for benefits was denied initially and upon reconsideration. On December 19, 2006, Claimant appeared at a hearing before ALJ Charles Headrick in Tulsa, Oklahoma. On February 20, 2007, the ALJ issued an unfavorable decision, finding Claimant was not disabled during the relevant period. He also found no reason existed to reopen the prior application and, therefore, determined Claimant's onset date should be amended to the date of the last denial or June 20, 2003. Claimant does not challenge this determination in this appeal. On January 14, 2008, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that while Claimant suffered from severe

4

impairments, they did not meet a listing and Claimant retained the residual functional capacity to perform light work with restrictions.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper step 5 analysis; (2) failing to perform a proper credibility determination; (3) failing to properly consider source opinions regarding Claimant's limitations; and (4) failing to properly consider all of Claimant's impairments at step two of the sequential evaluation.

## Step 5 Analysis

Claimant first contends the ALJ failed to engage in a proper evaluation at step 5 of the sequential analysis. In December of 2000, Claimant was injured in an automobile accident. (Tr. 162). He received treatment for back and neck pain on numerous occasions since that time. However, while there was a mild bulge at L4-L5, no neural foraminal impingement was noted. Cervical and lumbar MRI studies did not reveal any significant pathology and a lumbar discography did reveal any abnormalities. (Tr. 162-163). Claimant has also suffered from carpal tunnel syndrome and weak grip. (Tr. 256, 260, 271-282).

Claimant asserts the ALJ failed to assure that the vocational expert's ("VE") testimony was compatible with the Dictionary of

5

Occupational Titles ("DOT") as required by Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999). A review of the testimony reveals the ALJ took testimony from Michael Wiseman, a VE. Mr. Wiseman clearly incorporated the DOT into his testimony in connection with Claimant's past work and proposed employment. (Tr. 410-411). No error is noted in this area.

Claimant next contends the ALJ should have propounded a hypothetical to the VE which incorporated his documented carpal tunnel syndrome. The ALJ determined one of Claimant's severe impairments was carpal tunnel syndrome. (Tr. 41). Further, medical evidence from Dr. Ravinder Karella indicated reduced grip strength in his assessment. (Tr. 256). Moreover, when the additional limitation upon grip strength was proposed in counsel's questioning to the VE, it had an effect upon the work available in the economy. (Tr. 416-417). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). The ALJ's hypothetical questions posed in this case do not mirror Claimant's restrictions with sufficient precision so that the testimony obtained may be relied upon as substantial evidence for the ALJ's step five finding.

Claimant also contends the ALJ should have considered the global assessment of function ("GAF") of 50 which Claimant received in testing. (Tr. 252). Indeed, the VE testified a GAF of 50 would affect a claimant's ability to retain employment. (Tr. 416). Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF score between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious

7

impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000). Given the stated effect upon Claimant's employability, the ALJ should discuss Claimant's reduced GAF on remand.

Claimant also states the ALJ found moderate limitations upon Claimant's concentration, persistence, or pace in his decision. (Tr. 42). However, Claimant asserts the jobs identified by the VE - that of food and beverage order clerk and semi-conductor assembler - require productivity. The moderate limitations found by the ALJ on Claimant's concentration would, Claimant argues, affect his productivity. In questioning from counsel, the VE agreed that an inability to concentrate for up to 50 percent of the day would "preclude competitive employment" if the worker was unable to maintain production quotas. (Tr. 416). This Court is not convinced that the evidence indicates this level of reduction in concentration in Claimant, despite Claimant's citation to district court case authority which attempts to quantify the term "moderate." Without further evidence of the level of reduction in concentration, this Court does not conclude the ALJ committed error in his findings in this regard.

Next, Claimant contend the ALJ included jobs which were semi-skilled jobs rather than limiting jobs to the sedentary unskilled

arena as testified to by the VE. (Tr. 46, 411). Indeed, it appears the jobs of employment clerk and telephone solicitor should not have been included in the range of jobs available to Claimant due to mental limitations. (Tr. 412-413). On remand, the ALJ shall re-evaluate their inclusion in his decision.

Claimant also argues that the ALJ's finding of moderate deficiencies in concentration, persistence, or pace should have limited Claimant to simple tasks, which would have eliminated all of the jobs identified in the ALJ's opinion. On remand, the ALJ shall consider the full effect of the moderate limitation upon Claimant's functioning.

### Credibility Analysis

In his decision, the ALJ generally states he "does not discount all of the claimant's complaints." (Tr. 45). The problem with the ALJ's opinion is that he fails to identify which statements he finds credible and which he does not. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. On remand, the ALJ shall re-evaluate his credibility determination

9

and provide further detail on which of Claimant's statements are credible and which are incredible.

**Medical Source Opinions**

Claimant also contends the ALJ failed to consider some medical source opinions concerning Claimant's limitations. Specifically, Claimant references a "to whom it may concern" letter sent by Claimant's chiropractor, Dr. Mitch Wade in which he states Claimant is suffering from progressive degenerative disk disease in his lumbar spine and is "unable to maintain sustained employment without aggravating his condition." (Tr. 153). The ALJ did not reference this letter in his decision. This Court concurs with Defendant's position that this letter does nothing more than invade the area of administrative findings reserved to the Commissioner. Soc. Sec. R. 96-5p; 20 C.F.R. § 416.927(e). As such, the ALJ was not required to consider this statement in his findings.

**Step Two Analysis**

In his final challenge to the ALJ's decision, Claimant contends the ALJ incorrectly found Claimant's lower back pain was not medically determinable. (Tr. 42). While the ALJ included a stooping restriction in his RFC, he does not appear to have fully considered the extent of Claimant's back pain, effect upon range of motion, tenderness, spasms/tenseness, weakness, and objective medical evidence of spurs. (Tr. 163, 168, 256-257, 366). On

remand the ALJ shall re-evaluate the evidence of Claimant's alleged back impairment and its severity.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

IT IS SO ORDERED this 30th day of March, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE